**ALOE CREME LABORATORIES, INC.,**
**Plaintiff-Appellant,**

v.

**ESTEE LAUDER, INCORPORATED and Burdines, a Division of Federated Department Stores Inc., a Delaware Corporation, Defendants-Appellees.**

No. 75–2211.

United States Court of Appeals, Fifth Circuit.

June 11, 1976.

Rehearing Denied July 15, 1976.

James R. McKnight, Chicago, Ill., Robert E. Ziegler, Fort Lauderdale, Fla., James R. Eddy, Pompano Beach, Fla., Herbert Blecker, New York City, for plaintiff-appellant.

S. J. Powers, Jr., James E. Tribble, Miami, Fla., Saul H. Magram, New York City, Baker & McKenzie, Horst H. Werder, Francis D. Morrissey, Martin R. Greenstein, Chicago, Ill., for defendants-appellees.

Before DYER, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

This appeal challenges the district court's holding that there is no unfair competition or infringement of any rights the plaintiff may have in the term AFTER TAN by the manner in which defendants use the term APRES SUN, that the concurrent use of AFTER TAN and APRES SUN on after sun lotions does not create confusion in the marketplace, and that the term AFTER TAN is not distinctive or entitled to registration when used on after sun lotions so that plaintiff's registrations of the term as a trademark are invalid.

It is well established that a plaintiff bears the burden of proving both the validity of its trademark and the confusion caused by defendant's use of a similar mark. The likelihood of confusion is a factual question for the district court which is not to be disturbed unless clearly erroneous. *See e. g., American Foods, Inc. v. Golden Flake, Inc.,* 312 F.2d 619, 624 (5th Cir. 1963).

We find no error in the district court's factual holding on the record before us that there is no actual or likely confusion between the products here, and we affirm the consequent legal conclusion that there is no unfair competition or infringement by the defendants of any rights plaintiff may have in the term AFTER TAN.

As to the holding that the registrations are invalid because the term AFT-

ER TAN is descriptive and not distinctive, plaintiff argues that the court failed to find that there was no secondary meaning to the words, a necessary ingredient of invalidity. Secondary meaning entitles the holder of a mark to "the common law right . . . to be free from the competitive use of these words," *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.,* 305 U.S. 315, 335, 59 S.Ct. 191, 201, 83 L.Ed. 195, 207 (1938), even though the words used are merely descriptive. The district court did not explicitly find a lack of secondary meaning. Nevertheless, we consider the district court to have implicitly found a lack of secondary meaning. From the record in this case, it is clear that such a finding would not be clearly erroneous and the plaintiff failed to carry its burden of proving that the term had the secondary meaning necessary to protect it against the claimed infringement and unfair competition.

Affirmed.